IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
NO. 7:17-CV-4-BO

GEORGE REYNOLD EVANS,                      )
                                            )
        Plaintiff,                          )
                                            )
v.                                          )        O R D E R
                                            )
                                            )
MICHAEL GROOM; CITY OF JACKSONVILLE, )
NC; CHRISTOPHER CAPPS; WILLIAM              )
RICHARDSON; JASON WEISINGER; DEPUTY )
ROY MCPHERSON; MASTER SGT. JOE BYRD; )
DEPUTY JUSTIN HERN; LT. JEREMY              )
BARBER; MASTER SGT. DWAYNE BARNES; )
DEPUTY STEVE NOBLES; and COLUMBUS           )
COUNTY SHERIFF LEWIS HATCHER;               )
                                            )
        Defendants.                         )

This matter is before the Court on motions to dismiss by defendants and plaintiff's

response to the notice of removal and motion to amend his complaint. The appropriate responses

and replies have been filed and the matters are ripe for adjudication. For the reasons that follow,

plaintiff's motions are denied and defendants' motions to dismiss are granted in part.

## BACKGROUND

Plaintiff, proceeding *pro se*, filed this action on November 30, 2016, in Onslow County,

North Carolina alleging claims arising out of an incident which occurred on March 30, 2014.

During the incident, plaintiff was involved in a high speed chase with members of the Columbus

County Sheriff's Office, the City of Jacksonville Police Department, and the State Highway

Patrol. The chase ended when plaintiff exited his vehicle; plaintiff was ultimately shot by law enforcement officers and was struck by approximately forty-three rounds. Plaintiff has alleged federal constitutional claims for excessive force, violation of his due process rights, and violation of his equal protection rights. Plaintiff has further alleged that the Columbus County Sheriff's Office maintains unconstitutional practices, policies, or customs and that the Sheriff has supervisory liability over its deputies. Finally, plaintiff has alleged state law tort and negligence claims. Defendants removed plaintiff's action to this Court on the basis of its federal question jurisdiction. 28 U.S.C. § 1331; 1441.

Prior to filing the instant action, plaintiff, again proceeding *pro se*, had in this Court filed a similar complaint against the same defendants as named herein. *See Evans v. Capps*, No. 7:15-CV-252-BO (E.D.N.C.). That complaint also arises out of the same March 30, 2014, incident. Accordingly, all defendants in the instant action have moved to dismiss this case as duplicative, or in the alternative to stay this case or consolidate it with the earlier-filed action. Plaintiff has responded in opposition to the motions to dismiss. Plaintiff has further responded in opposition to removal, which the Court will construe as a motion to remand. Plaintiff further seeks to amend his complaint to allege only state law causes of action.

DISCUSSION

As it concerns this Court's jurisdiction over plaintiff's complaint, the Court addresses first plaintiff's motion to remand. Removal of a civil action from state court is only proper where the federal district courts would have original jurisdiction, 28 U.S.C. § 1441, and it is the burden of the removing party to show that jurisdiction lies in the federal court. *Dixon v. Coburg Dairy, Inc.*, 369 F.3d 811, 816 (4th Cir. 2004) (en banc). Removal jurisdiction must be construed strictly in light of federalism concerns, and if jurisdiction in the federal district court is

2

determined to be doubtful, remand is required. *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994).

Plaintiff argues that he filed his state court action with the knowledge that he already had an action concerning these events pending in federal court, and he acknowledges that he has raised at least two federal claims in the instant complaint. It is plain from reviewing plaintiff's complaint that he has alleged causes of action arising under the United States Constitution and that removal was proper under 28 U.S.C. §§ 1441(a) and 1331. No defect in the removal process has been identified, and this Court's jurisdiction over plaintiff's complaint does not appear to be in doubt.

Further, although plaintiff seeks to amend his complaint to omit federal question causes of action, if an original complaint sufficiently vested the federal court with jurisdiction, subject matter jurisdiction is not divested from the district court when the federal claims are dismissed from the complaint. *Harless v. CSX Hotels, Inc.*, 389 F.3d 444, 448 (4th Cir. 2004). Although motions to amend are typically allowed, *see* Fed. R. Civ. P. 15(a), a court may consider whether the plaintiff has acted in bad faith or with an improper motive when seeking to amend his complaint. *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986) (citation omitted). Here, plaintiff does not offer another basis in support of amendment other than his contention that by dismissing his federal claims he would be permitted to return to state court. As noted above, plaintiff's contention is without merit. Additionally, while if plaintiff's motion to amend were allowed the Court would have discretion to decide whether to remand the state law claims to state court, *Harless*, 389 F.3d at 448; *see also Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 351 (1988), the Court declines to allow plaintiff's request to amend made in an effort only to

defeat this Court's jurisdiction because, as discussed below, consolidation of plaintiff's two actions is appropriate.

Defendants' three dismissal motions under Rule 12(b)(6) seek to dismiss this complaint as duplicative of the complaint filed in case No. 7:15-CV-252-BO (252 Action). In the alternative, defendants seek to consolidate this action with the 252 Action or stay this proceeding and await the resolution of the 252 Action. A Rule 12(b)(6) motion tests the legal sufficiency of the complaint. *Papasan v. Allain*, 478 U.S. 265, 283 (1986). When acting on a motion to dismiss under Rule 12(b)(6), "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir.1993). A complaint must allege enough facts to state a claim for relief that is facially plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"The rule against claim splitting prohibits a plaintiff from prosecuting its case piecemeal and requires that all claims arising out of a single wrong be presented in one action." *Lee v. Norfolk S. Ry. Co.*, 802 F.3d 626, 635 (4th Cir. 2015) (internal quotation marks and citation omitted). When faced with a duplicative suit, "simple dismissal of the second suit is [a] common disposition because plaintiffs have no right to maintain two actions on the same subject in the same court, against the same defendant at the same time." *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138–39 (2d Cir. 2000). Other common dispositions include consolidation of cases. *Id.*

As defendants have all correctly argued, both the instant and the 252 Action complaint arise out of the precise same event or series of events, that is – a high speed chase and subsequent shooting of plaintiff by several law enforcement officers on March 30, 2014. A comparison of the two complaints reveals that they allege identical or related claims against

4

identical defendants. The claims raised in the 252 Action are for supervisory liability, pattern or practice of disregard of constitutional rights, and failure to properly train/deliberate indifference against Sheriff Hatcher; excessive force, equal protection violation, due process violations, cruel and unusual punishment, and racial profiling. Plaintiff further cites to claims under the North Carolina Constitution and North Carolina General Statutes in that complaint. In the instant complaint, plaintiff alleges state law claims for negligence, gross negligence, intentional torts, excessive force, intentional infliction of emotional distress, unconstitutional policy or customs, failure to properly screen, train, and supervise deputies, deliberate indifference to continuing constitutional violations by deputies, and supervisory liability.

The claims in this subsequently-filed action fall squarely under the rule against claim splitting and the Court in its discretion, and in light of plaintiff's *pro se* status, will consolidate plaintiff's two cases. In doing so, the Court recognizes plaintiff's attempt to have his state law tort and negligence claims adjudicated in the state forum while having his federal claims adjudicated here, but concerns regarding issue and claim preclusion effects warrant the Court's decision to allow plaintiff proceed on all claims related to March 30, 2014, in one action.

## CONCLUSION

For the foregoing reasons, plaintiff's motion to remand and motion to amend [DE 33, 36] are DENIED and the motions to dismiss [DE 10, 16, 20] are GRANTED IN PART. This action shall be CONSOLIDATED with case No. 7:15-CV-252-BO and all claims raised herein shall be adjudicated in that action. All future filings shall reflect both case numbers with the notation of "Consolidated Action" but shall be filed only in the lead case, 7:15-CV-252-BO. Plaintiff is ORDERED to file an amended complaint in the lead case not later than July 14, 2017, alleging all claims raised in his original complaint and this action. Should modification of the scheduling

5

order in the lead case be required in light of consolidation the parties may so move. Finally, the clerk is DIRECTED to file this order in both cases and to remove this case from the Court's active docket while it awaits entry of judgment.

SO ORDERED, this 25 day of June, 2017.


_____
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE